IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  08-cv-02593-WYD-KLM

EDWARD SIMMONS,

      Plaintiff,

v.

JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE,

      Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiff Simmons' Claims filed March 12, 2009.  Defendant moves to dismiss Edward Simmons's ("Simmons") suit claiming that Simmons failed to exhaust his administrative remedies in a timely manner.  As a result, Defendant argues that this Court lacks subject matter jurisdiction and Simmons's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Simmons filed a response on April 1, 2009.  A reply was filed on April 16, 2009.  For the reasons stated below, the Motion to Dismiss is denied.

II.    <u>FACTUAL BACKGROUND</u>

Simmons filed suit claiming discrimination based on disability, hostile work environment, and retaliation in violation of the Rehabilitation Act and Title VII of the Civil Rights Act of 1964.  Specifically, Simmons alleges that he was given Leave Without Pay

for absences for which he requested sick leave and was refused pay adjustments.

(Compl. ¶ 8).  Simmons also claims that because of his disabilities, he was

discriminated against, harassed, and subjected to a hostile work environment.  *Id.*

Prior to bringing this action in federal court, Simmons contacted a United States

Postal Service ("Agency") EEO Counselor on January 30, 2008 and filed an informal

complaint.  (Doc. # 16-2.)  Because the informal complaint was unresolved, the

Agency's EEO Counselor sent a Notice of Right to File ("Notice") to Simmons and

attached letter on April 21, 2008.  (Doc.# 16-3.)  The Notice and letter were mailed to

Simmons and his attorney of record Mr. Zodrow stating that if Simmons wished to file a

formal complaint, it must be filed within fifteen days of receipt of the Notice.  *Id.*

Simmons' attorney filed a formal complaint via facsimile on May 12, 2008. (Doc.

# 16-6.)  The Agency subsequently denied Simmons' complaint as untimely claiming

that Simmons' attorney received the Notice on April 22, 2008 and therefore the formal

complaint was due on May 7, 2008.  (Doc. # 16-7.)

The main contention between the parties is the timeliness of the formal

complaint; specifically, whether the formal complaint was due on May 7 or May 12,

2008.  The Agency contends that Simmons' attorney received the notice on April 22,

2008 as evidenced from a signature on a Delivery Confirmation Receipt (Doc.# 16-4),

and that it was due within fifteen calendar days, or on May 7, 2008.

Simmons, on the other hand, contends that the notice and letter were mailed on

April 21, 2009 and were received on April 26, 2009, pursuant to the certificate of service

which stated that the notice was presumed to be received five days after mailing.  (Doc.

# 16-3 at 4.) Fifteen days after receipt on April 26, 2009, is May 11, 2009, a Sunday, meaning under the five-day rule that the complaint was due to be filed the next day on May 12, 2008. Additionally, Simmons argues that the signature on the Delivery Confirmation Receipt is incomplete and non-authenticated and that the statute does not recognize Delivery Confirmation Receipt as a valid method for determining delivery dates. In the alternative, Simmons argues that even if the complaint was filed after the fifteen-day deadline, his claims should not be dismissed based on the theory of equitable estoppel.

III.    ANALYSIS

    A.    Standard of Review

A motion to dismiss under Rule 12(b)(1) can be either a facial attack on the sufficiency of the allegations of the complaint as to subject matter jurisdiction or a challenge to the actual facts upon which subject matter jurisdiction is based. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). In a factual attack, as here, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). The court may not presume the truthfulness of the complaint's factual allegations. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

    B.    Whether Dismissal is Appropriate in this Case

Pursuant to the applicable regulations, "[a] complaint must be filed within 15 days of receipt of the notice [by the EEO officer] required by § 1614.105(d), (e) or (f)." 29 C.F.R. § 1614.106(b). "All time periods . . . that are stated in terms of days are calendar

days unless otherwise stated." *Id.*, § 1614.604(a).  "A document shall be deemed timely if it is received or postmarked before the expiration of the applicable filing period, or, in the absence of a legible postmark, if it is received by mail within five days of expiration of the applicable filing period." *Id.*, § 1614.604(b).  If the deadline falls on a weekend or holiday, it will be extended to the next business day.  *Id.*, §§ 1614.604(d), 1614.106(b).

The Tenth Circuit holds that a plaintiff must exhaust his or her administrative remedies before filing suit.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).  The exhaustion requirement appears to apply to the complaint requirements set forth in 29 C.F.R. § 1614.106.  *See Dimsdale v. Peters*, No. 06-6281, 2007 WL 259757, at *2 (10th Cir. 2007) (unpublished).  I find that the time limit at issue is akin to a statute of limitations and therefore subject to waiver, estoppel, and equitable tolling.  *Castaldo v. Denver Public Schools*, No. 07-1404, 2008 WL 1944931, at *2 (10th Cir. May 5, 2008) (citing *Martinez v. Orr*, 738 F.2d 1107, 1109 (10th Cir. 1984)). Indeed, the regulations specifically provide that the time limits "are subject to waiver, estoppel and equitable tolling."  29 C.F.R. § 1614.604(c).

Thus, I turn to the issue of whether Simmons adequately exhausted his administrative remedies.  The EEO notice and attached letter are dated April 21, 2008. (Doc. # 16-3).  They were sent by Priority Mail with delivery confirmation.  The notice states:

> . . . you have the right to file a complaint within 15 calendar days of the date you receive this notice. . . . Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the

> filing period.  In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

(*Id.* at 5.)

> The letter sent with the notice states:

> If you opt to file a formal complaint, you have 15 days from the date of receipt of this letter to file a timely formal complaint.  Your complaint could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit.  Your complaint will be deemed timely if it is postmarked before the expiration of the 15 day time limit.

(*Id.* at 3.)  The Certificate of Service attached to the letter states that "[f]or timeliness purposes, this office will presume that this letter was received within five (5) calendar days after it was mailed."  (*Id.* at 4.)  It further states that the "15-day time limit will be based on delivery confirmation of Attorney of Record."  (*Id.*)

As to when the notice and letter were received, I will limit my discussion to when Simmons' attorney Mr. Zodrow received the notice because the date the attorney of record received the notice is ultimately determinative for purposes of the 15 day time frame.  *See* 29 C.F.R. § 1614.605(d) ("when the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant, but time frames for receipt of materials shall be computed from the time of receipt by the attorney").  The United States Postal Service advised the EEO in response to an inquiry about delivery information on the notice that the delivery record shows that the item was delivered on April 22, 2008.  (Doc. # 16-4.)  The Postal Service letter contains a scanned image of the signature of the receipt showing "J. Zodrow."  (*Id.*)  A Track & Confirm receipt also show delivery on April 22, 2009 to

"DENVER, CO 80203" with a handwritten notation "attorney".  (Doc. ## 16-4, 16-5.)

Finally, Defendant attaches a Delivery Confirmation Receipt to John Zodrow, attorney

with a handwritten date below the Receipt of "4/22."  (*Id.*)

It is undisputed that Simmons' formal complaint was sent by facsimile on May 12,

2008 (doc. # 16-6), more than 15 calendar days after a receipt date of April 22, 2008.

Further, there is no postmark; thus, it was not postmarked within 15 days of receipt of

the Notice.  However, if the 5-day presumption applies to receipt (that the letter is

received within 5 calendar days after it was sent), the complaint is timely.  The issues

presented in this case are:  (1) whether the date of receipt is determined by the delivery

confirmation date by the Postal Service or by the 5-day presumption; and (2) if the

complaint was untimely, whether equitable estoppel applies.

I now turn to the first issue.  Simmons is correct that the EEOC, the agency

charged with interpreting the agency regulations, has held that for timeliness purposes

there is a presumption of receipt of a document within five days of mailing as set forth in

a certificate of service.  *See Moton v. Potter*, EEOC Doc. No. 0120070600, 2007 WL

956617 (E.E.O.C. March 21, 2007) (time frame for receipt of decision was five days

from the date of mailing per the certificate of service and 15 day deadline to file a formal

complaint began to run from that date); *Lind v. Potter*, EEOC Doc. 05A60995, 2006 WL

2851525 (E.E.O.C. September 27, 2006) (time frame for receipt of decision was five

days from the date of mailing per the certificate of service, and 30 day deadline to file

motion for reconsideration began to run from that date).

Defendant has not cited any cases to the contrary, or shown that these decisions are unreasonable or in conflict with the expressed intent of Congress in the regulations. Accordingly, I find that these decisions should be given deference.  *See United States v. Riverside Bayview Homes, Inc.*, 474 U.S. 121, 131 (1985) ("An agency's construction of a statute it is charged with enforcing is entitled to deference if it is reasonable and not in conflict with the expressed intent of Congress.")  Defendant has also not presented any authority in the regulations or otherwise that supports its argument that delivery confirmation of the receipt date is controlling or that it overrides the presumption of receipt within five days of mailing.

The *Moton* decision also made clear that while the presumption is rebuttable, the complainant's submission of a "date received" signature on the notice that was dated well after five days from receipt of mailing, "without any elaboration or discussion, is insufficient rebuttal to overcome the five-day presumption of receipt."  *Id.*, 2007 WL 956617.  Similarly, in *Converse v. Potter*, EEOC Doc. No. 0120073619, 2007 WL 4372498, *1 (E.E.O.C. Dec. 7, 2007), the EEOC held that a "track and confirm" computerized tracking system print-out by the Postal Service which indicated a delivery on June 14, 2007 in "Denver, Colorado 80203" without any further details was inadequate evidence to prove that the attorney received the notice on the date indicated.  The EEOC stated in *Converse*:

> Where, as here, there is an issue of timeliness, "[a]n agency always bears the burden of obtaining sufficient information to support a reasoned determination as to timeliness."  *Guy v. Department of Energy*, EEOC Request No. 05930703 (January 4, 1994) (*quoting Williams v. Department of Defense*, EEOC Request No. 05920506 (August 25, 1992)). In addition,

in *Ericson v. Department of the Army*, EEOC Request No. 05920623 (January 14, 1993), the Commission stated that "the agency has the burden of providing evidence and/or proof to support its final decisions." *See also Gens v. Department of Defense*, EEOC Request No. 05910837 (January 31, 1992). Therefore, in the absence of adequate evidence of *actual* receipt of the Notice, we find that complainant's July 3, 2007 filing of her formal complaint was within fifteen days of the *presumed* receipt, five days following the June 13 mailing of the Notice.

*Id.*

The above cases show that the delivery receipt and/or a track and confirm receipt are not sufficient, in and of themselves, to rebut the five-day presumption of receipt with mailing.  Instead, the agency must present additional evidence to show that the plaintiff's attorney actually received the letter on the date it posits.  Defendant has not provided sufficient information from which I can ascertain that the letter and notice were actually received by Simmons' counsel on April 22, 2008.  There is no information provided to show that the address on the form is the correct address for Simmons' counsel or that the signature on the form actually belongs to counsel, as compared to someone in his office.  Further, the Track and Confirm receipts simply show a delivery to Denver, CO 80203, which is insufficient as addressed in the *Converse* case.  Finally, while Defendant relies on the signature confirmation on the letter and notice with a date of "4/22", it is unclear exactly what this "4/22" was meant to represent.  It does not actually state that it was the date received, and it is even unclear who made the handwritten notation or why it was made.  (Doc. # 16-4 at 2, 165-5 at 2.)

I also note that the Tenth Circuit has held that a presumption of receipt within a period of mailing "is appropriate whenever the actual receipt date is unknown or

disputed." *Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001).  In this case, as stated above, I find that there is not sufficient evidence to deduce the actual receipt date.  Accordingly, construing the evidence in the light most favorable to Simmons, it can be inferred that the actual receipt date is unknown.

Finally, even if the complaint is ultimately deemed to be untimely, I find that equitable estoppel applies.  As noted above, the regulations specifically provide that the applicable time limits "are subject to waiver, estoppel and equitable tolling."  29 C.F.R. § 1614.604(c).  To obtain equitable estoppel, proof must be shown of the following:  (1) the party to be estopped must know the facts; (2) he must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury.  *Tsosie v. United States,* 452 F.3d 1161, 1166 (10th Cir. 2006).

In this case, construing the evidence in the light most favorable to Simmons, the EEO knew the facts about the 15-day requirement and how it was construed.  It sent a letter to Simmons' attorney which stated that the notice would be presumed to be received within five days of mailing, which led the attorney to believe that this was true. Simmons' attorney was ignorant of the true fact that this presumption would not be applied by the EEO, and he relied on the EEO's representation to his detriment since the complaint was dismissed as untimely.

However, the burden on the party seeking estoppel against the government is heavier, as one must also prove affirmative misconduct.  *Bd. of County Commr's of*

*County of Adams v. Isaac*, 18 F.3d 1492, 1498 (10th Cir. 1994).  "Affirmative misconduct means an affirmative act of misrepresentation or concealment of a material fact."  *Id.*  In this case, the certificate of mailing contains two statements that appear to contradict.  It first states that for timeliness purposes, the Agency will presume that Simmons received Notice within five days after mailing the notice.  It also states that the fifteen-day time limit will be based on delivery confirmation from the attorney of record. If the agency is now saying that the five-day presumption does not apply, it could be deemed to be either an affirmative act of misrepresentation or the concealment of a material fact, since the letter does not make clear that the agency would not follow that rule.  Accordingly, I find that equitable estoppel applies and that the complaint was therefore timely.

IV.     <u>CONCLUSION</u>

Based upon the foregoing, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff Simmons' Claims (Doc. # 16) is **DENIED**.

Dated:  September 28, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

-10-